UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Robert L. Bartlett,                                                  Civ. No. 09-3203 (PAM/JJK)

             Plaintiff,

v.                                                                            **ORDER**

Michael J. Astrue, Commissioner
of Social Security Adminstration,

             Defendant.

---

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Jeffrey J. Keyes dated October 7, 2010, which addressed the parties' cross-motions for summary judgment. In the R&R, Magistrate Judge Keyes recommended that the Court deny Plaintiff's Motion, grant Defendant's Motion, and dismiss the matter with prejudice. Plaintiff filed timely objections to the R&R.

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R.

**BACKGROUND**

Plaintiff Robert Bartlett alleges that he cannot work full-time because he suffers from congestive heart failure, depression, and impairment to his cognitive functions as a result of a stroke. Accordingly, Plaintiff submitted applications for disability insurance benefits and

supplement security income on October 25, 2006, and alleged a disability onset date of August 15, 2006. These applications were initially denied, after which Plaintiff requested a hearing before an administrative law judge ("ALJ"). This hearing was held on January 5, 2009; subsequently, on March 9, 2009, the ALJ issued an unfavorable decision. Plaintiff's request for a hearing before the Social Security Administration Appeals Council was denied on September 23, 2009. Plaintiff then initiated the instant matter with this Court, seeking review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).

Plaintiff raises two objections to the R&R. First, he contends that the ALJ and the Magistrate Judge improperly accorded greater weight to the opinions of non-treating physicians than to Plaintiff's treating physicians. (Pl.'s Objection at 1-2.) Second, Plaintiff argues that the ALJ and the Magistrate Judge "are not entitled to reject [Plaintiff's] claim of disability on the sole basis that they believe [Plaintiff's] subjective symptoms are not sufficiently supported by objective evidence." (Id. at 5.) The Court will discuss each objection in turn.

**DISCUSSION**

This Court's review of the Social Security Administration Commissioner's decision is best stated as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the

> Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000) (citations omitted).

## A.    Medical Opinion Testimony

This Court will first examine the ALJ's construction of the medical opinion testimony offered at Plaintiff's hearing. Plaintiff takes umbrage with the alleged weight given the testimony of "non-treating, non-examining physicians" such as Drs. Biscardi and Grant, over the testimony of Plaintiff's examining and treating physicians such as Drs. Lofness and Sethna.

Plaintiff is correct in that, generally, the ALJ is to accord greater weight to the opinions of examining and treating physicians than to the opinions of non-examining and non-treating physicians. 20 C.F.R. § 404.1527(d)(1)-(2). The Court notes, however, that the existence of an examining relationship and a treatment relationship are only two of six factors the ALJ considers in determining how much weight to accord a medical opinion. The ALJ must examine all six factors if the ALJ determines that the medical opinion in question should not be granted "controlling weight." 20 C.F.R. § 404.1527(d).

A treating physician's opinion is only "granted 'controlling weight' [if] the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record.'" Prosch v. Apfel, 201 F.3d 1010, 1012-13 (8th Cir. 2000) (second alteration in original) (quoting 20 C.F.R. § 404.1527(d)(2)). The ALJ did not accord controlling weight to any of Plaintiff's treating

3

physicians, and instead adopted a medical expert's opinion of Plaintiff's physical residual functional capacity, and a state agency consultant's opinion of Plaintiff's mental residual functional capacity. Plaintiff specifically objects to the denial of controlling weight status as it pertains to Drs. Lofness, Sethna, and Lamberty.

At the outset, the Court notes that the treating physicians' opinions could be construed to support the ALJ's findings. Indeed, as the Magistrate Judge pointed out, Plaintiff's evidence cited in support of his argument that the ALJ did not give proper weight to treating physicians falls flat when taken in proper context. For example, Plaintiff makes much of the treating physicians' statement that Plaintiff "cannot function at a full-time level of work, [and] he is easily distracted and is unable 'to consistently be engaged and appropriate in those work settings.'" (Pl.'s Objection at 2 (quoting Tr. at 339).) Yet a closer look at this statement reveals that it was made while describing Plaintiff's most recent line of work (stockroom employee), and does not necessarily pertain to other jobs that may better suit Plaintiff in his current debilitated state. (See, e.g., R&R at 24-25 (citing Tr. at 35-38).)

Further, Plaintiff relies on many statements, taken out of treating physicians' reports, that seem to indicate those physicians' agreement that Plaintiff is unable to work full-time. Yet as the Magistrate Judge noted, these statements appear to be the physicians' report of what Plaintiff says about himself. For example, Plaintiff cites the following from Dr. Sethna's treatment record: "[Plaintiff] has trouble with concentration, trouble with anxiety, depression, palpitations, and trouble with sleep. A detailed multi-system review is otherwise notable for cognitive concerns and his capacity to concentrate, attend, and recall." (Tr. at

4

341.) This description, however, was preceded by the phrase "[Plaintiff] has filled out a detailed multi-system review," and thus is merely a recitation of Plaintiff's own observations. Ultimately, Dr. Sethna's findings indicated that Plaintiff's attention, concentration, orientation, memory, language, and affect and fund of information were in the normal range. (Id. at 342.)

Likewise, Plaintiff points to Dr. Lofness's assessment that Plaintiff "'remains irritable and largely stays to himself. Cannot concentrate or sustain attention. Occupational and social impairments. Patient is unable to work full-time,'" (Pl.'s Objection at 2 (quoting Tr. at 351).), as evidence that the ALJ should have given controlling weight. But once again, this assessment is taken out of context. Indeed, the sentence immediately following this assessment states that "[Dr. Lofness is] awaiting neuropsych report . . . ." (Tr. at 351.) This statement creates some doubt as to the certitude of Dr. Lofness's opinion, and thus her opinion must be analyzed in conjunction with a subsequent neuropsychological evaluation conducted by Dr. Lamberty. As demonstrated below and in the Magistrate Judge's R&R, Dr. Lamberty's opinion is not necessarily at odds with the ALJ's conclusion, and therefore this Court cannot say that the ALJ erred in not granting controlling weight status to Dr. Lofness's assessment.

Plaintiff also contends that the experts on which the ALJ relied did not have Plaintiff's full record when they made their recommendations. Plaintiff points to his subsequent evaluation with Dr. Lamberty as evidence, and thus requests that the Court find that the ALJ erred in refusing to grant controlling weight to Dr. Lamberty's opinion. Although it is true

5

that Dr. Lamberty's opinion was rendered after the opinions of the medical experts that the ALJ accepted, Dr. Lamberty's opinion is not necessarily at odds with the medical experts' conclusions. As the Magistrate Judge pointed out, Dr. Lamberty's convoluted comments concerning Plaintiff's ability to work full-time afford much room for interpretation. There is no definitive statement in Dr. Lamberty's opinion that Plaintiff cannot perform certain types of jobs. (See, e.g., R&R at 38-39.) Therefore, this Court cannot say that Dr. Lamberty's opinion is necessarily at odds with the medical experts accorded superior weight by the ALJ, and thus that the ALJ erred in not granting controlling weight to Dr. Lamberty's opinion.

The Court also notes that the Magistrate Judge's characterization of Dr. Lamberty as a non-treating physician is accurate because Dr. Lamberty performed only one evaluation on Plaintiff. See 20 C.F.R. § 404.1502 ("Treating source means your own physician, psychologist or other acceptable medical source who provides you with medical treatment . . . and who has . . . an ongoing treatment relationship with you. Generally we will consider that you have an ongoing treatment relationship . . . when the medical evidence establishes that you see . . . the source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for your medical condition(s)."). Plaintiff attempts to refute the Magistrate Judge's characterization by analogizing Plaintiff's one-time evaluation with Dr. Lamberty to a surgeon's one-time operation on a patient. But such a construction ignores the plain language of the regulation that demands analysis of the treating relationship in the context of the particular type of treatment or evaluation at issue. One

neuropsychological evaluation is not akin to an appendix removal; Dr. Lamberty and Plaintiff must have engaged more than one round of evaluation in order for this Court to consider Dr. Lamberty a treating physician.

This Court cannot say that the ALJ's decision to refuse to grant controlling weight to Plaintiff's treating physicians was erroneous. Neither was the ALJ's decision to weigh medical opinion testimony as she did improper in light of the six factors listed in 20 C.F.R. § 404.1527(d)(1)-(6). Therefore, the R&R's conclusions concerning medical testimony are not incorrect, and Plaintiff's objection fails on this point.

**B.     Plaintiff's Subjective Symptoms**

Plaintiff next objects to the rejection of his "claim of disability on the sole basis that [the ALJ and Magistrate Judge] believe [Plaintiff's] subjective symptoms are not sufficiently supported by objective evidence." (Pl's Objection at 5.) Plaintiff claims that there is no substantial medical testimony in the record rebutting the neurological evaluations by treating physicians that state Plaintiff is disqualified from employment.

Plaintiff is correct that the ALJ may "not reject [Plaintiff's] statements about the intensity and persistence of [his] pain or other symptoms or about the effect [his] symptoms have on [his] ability to work solely because the available objective medical evidence does not substantiate [his] statements." 20 C.F.R. § 404.1529(c)(2). Yet it is clear that the ALJ considered both objective and subjective factors in arriving at her conclusion. For example, at the hearing the ALJ posed a hypothetical question to the vocational expert that included both subjective aspects of Plaintiff's condition as well as objective testimony offered by

7

treating and non-treating physicians alike. (See Tr. at 35.) The expert's response indicated that he believed Plaintiff was capable of performing certain types of jobs despite his condition. (Tr. at 36.) Therefore, the Court rejects Plaintiff's claim that the ALJ and Magistrate Judge rejected Plaintiff's subjective symptoms based solely on objective evidence.

**CONCLUSION**

Plaintiff has not established that the R&R's conclusions are incorrect. Additionally, the Court notes that Plaintiff's counsel's characterizations of the Magistrate Judge's R&R as "nonsensical," and "an exception to the general rule" that such R&Rs are typically "well-thought [sic] out, unbiased, and well-drafted," are wholly unfounded. (Pl.'s Objection at 1.) On the contrary, Magistrate Judge Keyes's 43-page R&R presents a detailed assessment of the facts of this case and a cogent analysis of the legal issues. Indeed, perhaps counsel should remove the proverbial plank from his own eye before inserting such careless rhetoric into his briefs. A cursory investigation by this Court yielded no fewer than 15 spelling, grammatical, or citation mistakes in counsel's six-plus page brief—including two occasions on which counsel misspelled his own client's name—which made for an onerous examination of Plaintiff's objections. Counsel would do well to refrain from propagating such baseless characterizations in the future.

Accordingly, **IT IS HEREBY ORDERED that**:

1. The Report and Recommendation (Docket No. 17) is **ADOPTED**;

2. Defendant's Motion for Summary Judgment (Docket No. 11) is **GRANTED**; and

3. Plaintiff's Motion for Summary Judgment (Docket No. 9) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: Thursday, October 28, 2010              *s/ Paul A. Magnuson*
                                               Paul A. Magnuson
                                               United States District Court Judge